MOREE *v.* STATE.

[94 South. 229.   No. 23150.]

1. STATUTES. *Law providing that it shall become effective from and after passage in effect when approved by Governor.*

   A criminal law which provides that it shall be in force and effect from and after its passage is in effect from the time it is approved by the Governor.

2. INTOXICATING LIQUORS. *Statutes. No presumption that law in effect when approval by Governor was in force during entire day of approval; burden on state to prove law in force when violated.*

Where one is indicted for a violation of this statute and it is alleged to have occurred on the day of its approval by the Governor, there is no presumption that it was in force and effect during that entire day. The burden of proof rests upon the state to prove that the defendant has violated this statute and this necessarily implies that the statute must have been in force and effect at the time of its alleged violation.

APPEAL from circuit court of Marion county.

HON. R. S. HALL, Judge.

Frank Moree was convicted of knowingly having in his possession or control certain integral parts of a distillery, and he appeals. Reversed and defendant discharged.

*Davis & Langston,* for appellant.

The burden of proof was not on the defendant to prove anything, but was on the state, not only to prove him guilty beyond every reasonable doubt, but to prove that this was true at a time when the statute was in effect. The statute was not in effect until it was approved by the governor, and could not then be in effect, except by virtue of its own terms as provided in the fourth section thereof which is as follows: "That this act shall take effect and be in force from and after its passage."

Without this provision sixty days would elapse before it could take effect as is provided by our constitution. Section 71, Mississippi Constitution. From our investigation, it seems that the hour of the day on which a bill is approved is not recorded; so that the courts cannot take judicial notice thereof. So then, the question as to when the bill was approved, or the hour of the day on which it received the signature of the governor, is a question which cannot be established except by parol proof. Certainly it was not up to the appellant to make this proof and especially is this true where the indictment charges that he committed the offense long subsequent to the passage of the bill. If it should be true that these officers removed the parts an hour before the governor signed the bill or

for one moment before that time, then the appellant was subjected to the penalties of a statute, *ex post facto* in its effect. If he had been required to prove that the bill was signed afterwards, then the burden of proof was on him to prove his innocence.

We have been unable to find any decision which holds that a statute which imposes a penalty is ever retroactive in its effect, but we find that there are three general lines of decisions, viz: One line holding that the statute which takes effect, "from and after its passage," takes effect from the earliest moment of the day on which it is passed, while one line holds that such a statute takes effect on the day following the day of its passage, and the other line holds that such a statute takes effect from the moment of its passage. And this latter line seems to be supported by more and better authorities than the former lines.

At page 214, Vol. 23, American and English Encyclopaedia of Law, the following statement is made: "There are three distinct doctrines as to the precise time of the taking effect of a statute, which by its terms it is declared to be in force 'from its passage.' According to one view, the day of the passage of the act is excluded; and its operation dates from the day following. It is claimed that this rule has the advantage over the one next stated in that it does not give a retroactive effect to the statute, thereby avoiding hardships and injustice in many cases; and over the third view, in that it obviates the necessity of resorting to conjecture or to the uncertainty of parol proof, or anything extrinsic to the law itself and to the authenticated record proceedings in passing it, in order to ascertain the exact hour of executive approval."

The second view is that such a statute becomes effective from the day of its approval, and has relation to the first moment of the day this upon the principle that the law will not take cognizance of the fractions of a day. The third view and the one which seems to be supported by the weight of authority, is that a bill becomes operative only from the time of its approval; that the doctrine, that in

law there is no fractions of a day, is a legal fiction which may be overthrown by the facts when necessary in order to accomplish substantial justice. Accordingly, when a question arises as to the time when a statute took effect, the court may resort to any source of information which in its nature, is capable of conveying to the judicial mind a clear and satisfactory answer to the question, the best and most satisfactory evidence in all cases being required."

In this connection see *Perkinson* v. *Brandenburg,* 35 Minn. 294, 59 Am. Rep. 326, in which it is held that such a statute takes effect on the day after its approval. In the case of *Woods* v. *Fort,* 42 Ala. 641, where the contrary rule is followed, the court has this to say: "Upon authority and principle of policy and convenience—we decide that a public statute remedial in its character, and not prescribing punishments and penalties, is in force during the entire day of its approval, and that the law in reference thereto does not recognize any fractions of a day; yet we concede that the decisions are not entirely harmonious."

Even in this case, holding that fractions of a day with reference to such statutes, are eliminated, the court is careful not to commit itself on the proposition that such a rule applies to criminal statutes, or those prescribing a penalty. The same rule as laid down in the American and English Encyclopaedia of Law, and quoted above, is also laid down at page 792, Vol. 25, R. C. L. This text goes on to say that it would seem wrong in principle that laws designed as rules of conduct should be, by mere legal fiction, made retroactive, even for a fraction of a day, and that to avoid this result the tendency now is to hold that statutes take effect only from the exact moment of their approval. The same principle is laid down in 36 Cyc., page 1198.

In the case of *Rush Burgess Collector of Internal Revenue* v. *Salman and Hancock,* reported at page 1104, Vol. 24, according to all rules of criminal procedure, the defendant does not go into trial with the burden, neither does it ever shift to him, but the state must prove him guilty at such a time as will bring him within the pale of the

statute, and we submit that on this question alone the case at bar should be reversed and the defendant discharged.

C. E. *Dorrah,* assistant attorney-general, for appellee.

The first assignment of error presents the question: When did chapter 211 of the Laws of 1922 take effect? All acts signed by the president of the United States bears the hour and minute as well as the day of his approval. In this state the hour of approval is not entered on the act. It is a common rule of law in Mississippi, that a fractional part of a day is not recognized, that is to say, an act dates from the earliest moment of the day. The term "from and after" means beginning with the date of approval.

"From and after," if used in reference to an act done, is inclusive of the day, but if "from" a day, it is exclusive. So that, if it is from and after an act done ,the time commences immediately upon the act being done. *Chicago Title & Trust Co.* v. *Smuty,* 62 N. W. 792, 793, 94 Iowa, 401 (citing *Wadsworth* v. *Smith,* 43 Iowa, 439).

Where a statute provides that it shall take effect from and after the passing of the act, it takes effect immediately. *Arnold* v. *U. S.,* 13 U. S. (9 Cranch), 104, 120; 3 L. Ed. 671. It is a general rule that, when computation of time is to be made from an act done, the day on which the act is done is to be included. *Taylor* v. *Brown,* 13 Sup. Ct. 549; 147 U. S. 640, 37 L. Ed. 313.

When the computation is to be made from an act, the day on which it is done is included. *Arrowsworth* v. *Kemmering,* 39 Ohio St. 573, 578. A statute providing that it should take effect from and after the passage of the act means that it shall go into operation on the day on which it is approved, and has relation to the first moment of that day, and, so far as it concerns the commencement or termination of public laws, a day is an indivisible portion

of time. *In re Welman,* 20 Vt. 654; 29 Fed. Cas. 681; *In re Howes,* 21 Vt. 619, 12 Fed. Cas. 715.

Appellee has not found a criminal case wherein the question of time, similar to the case at bar, was raised. There are civil cases cited under footnote 63, page 1199, 36 Cyc., some of which have already been cited. These cases are cited under paragraph (b), 36 Cyc., page 1198, which is as follows: "(b) Hour of the Day—As a general rule the law does not take notice of fractions of a day, and therefore a statute which takes effect from its passage or approval, relates back and becomes effective from the first moment of the day on which it is passed or approved; but this doctrine of relation is only a legal fiction, and wherever its application would cause injustice, the act will be given effect only from the moment of its approval."

The act charged under the statute in question, was according to testimony, committed late in the afternoon about five o'clock on March 24, 1922, and it is very probable that the act was approved hours before appellant's premises were searched by the officers.

The time of approval of the act in question cannot be ascertained without the Legislative Journal, and under the case of *Swann* v. *Buck,* 40 Miss. 268, the court held that: "The courts will not take judicial notice of the journals of the legislature in order to ascertain the facts on the passage of a law."

Appellee thinks that under the case just cited, that there is no way to determine the hour of approval of the act and that this court cannot assume that the felony was committed preceding the passage of the act.

SYKES, P. J., delivered the opinion of the court.

The appellant was indicted and convicted of knowingly having in his possession or control certain integral parts of a distillery as provided under chapter 211, Acts of 1922. The testimony shows that on the afternoon of March 24, 1922, certain integral parts of a distillery were found in

the possession of the defendant. This act was approved by the Governor on March 24th. It provides that it shall be in force and effect from and after its passage. Consequently it was a law upon its approval by the Governor. The property was found in the possession of the defendant the afternoon of the day the act, was approved by the Governor. There is no testimony in the record which shows what time of day the Governor approved the act.

Ordinarily fractions of a day are not considered, and the presumption is that a remedial civil statute is in force and effect the entire day of its approval under circumstances of this kind. There are some holdings to the effect that an act does not become operative until the day following its approval. We think, however, that the majority of the cases are to the effect that an act which provides that it shall be effective from and after its passage takes effect immediately upon the approval of the Governor. The cases which hold this also hold that, while the law ordinarily does not take cognizance of fractions of a day, yet that this is a legal presumption which may be overthrown by the facts when necessary to accomplish substantial justice. 23 Amer. & Eng. Enc. Law, 214; 36 Cyc. 1198; *Burgess, Collector of Internal Revenues* v. *Salmon et al.,* 97 U. S. 381, 24 L. Ed. 1104. Most of the cases which have been called to our attention are civil cases.

This statute which is a criminal one was not in force and effect until after its approval by the Governor which occurred some time upon March 24, 1922. To hold that it was in force and effect before it was signed would make it an *ex post facto* law. Neither would it be just in this case to give effect to the legal presumption that the act was in force during this entire day. In a criminal trial the defendant is presumed to be innocent until the testimony proves his guilt beyond a reasonable doubt. This presumption of innocence is more sacred than the presumption that a law is in force and effect during the entire day of its approval. We expressly refrain from deciding what presumptions might attach to a civil law.

The burden of proof is upon the state to show that the defendant has violated a criminal statute, and in this case it devolved upon the state to prove that the act was in effect at the time the property was found in the possession of the defendant. No proof was offered as to the time the Governor signed the law. For this reason the judgment of the lower court will be reversed and the defendant discharged.

*Reversed, and defendant discharged.*